**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Vargas, | No. CV-25-03047-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| MLEM Properties Incorporated, | |
| Defendant. | |

The Court now considers Defendant's Motion to Dismiss. (Doc. 6.) It is fully briefed. The Motion will be granted as follows.

**I.**

A motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for failure to state a claim upon which relief can be granted "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A court may dismiss a complaint "if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (internal quotation marks and citation omitted). A complaint must assert sufficient factual allegations that, when taken as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Plausibility is more than mere possibility; a plaintiff is required to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When analyzing the

sufficiency of a complaint, the well-pled factual allegations are taken as true and construed in the light most favorable to the plaintiff. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).

## II.

This claim arises from Defendant terminating Plaintiff's employment. Plaintiff alleges that he was terminated in retaliation for him (a) reporting to management an allegation of sexual harassment suffered by a female co-worker, and (b) reporting to federal authorities Defendant utilizing undocumented labor. Each of Plaintiff's twelve claims for relief fail, either for pleading deficiencies or as a matter of law.

1. Plaintiff's Title VII retaliation claim, Count I, will be dismissed because the complaint fails to allege exhaustion of administrative remedies. "In order to litigate a Title VII claim in federal district court, [Plaintiff] must have exhausted [his] administrative remedies." *Greenlaw v. Garrett*, 59 F.3d 994, 997 (9th Cir. 1995). Plaintiff must have filed a charge with the Equal Employment Opportunity Commission ("EEOC") within 180 days of his alleged employment discrimination. 42 U.S.C. § 2000e-5(e). The complaint does not allege that Plaintiff filed an EEOC charge, thus one conclusion is that he did not exhaust. His response to the Motion indicates that the EEOC issued a right-to-sue letter, but Plaintiff does not attach the letter, nor does he describe the timing. In an episode demonstrating, in the Court's opinion, unprofessionalism, Plaintiff refused to provide a copy of the letter to Defendant's counsel when asked in preparing the reply brief. The Court will therefore dismiss Count I without prejudice. Plaintiff must include in his amended complaint details of the EEOC charge and EEOC's right-to-sue letter and attach the right-to-sue letter to the amended complaint.

2. Plaintiff brings two claims for relief under the Arizona Employment Protection Act ("AEPA"), A.R.S. § 23-1501—Counts II and VIII. Plaintiff alleges he was suspended and constructively discharged after reporting sexual harassment involving a female coworker. Although the AEPA permits claims for termination in violation of an Arizona statute, it also provides that when the underlying statute supplies a remedy, that

1  remedy is exclusive. A.R.S. § 23-1501(A)(3)(b). Retaliation for reporting sex discrimination is governed by the Arizona Civil Rights Act, which establishes its own administrative and judicial remedies. The AEPA may not be used to repackage discrimination or retaliation claims that fall within the Civil Rights Act's scope. *See Peterson v. City of Surprise*, 244 Ariz. 247, 252-53 (App. 2018); *Cox v. Glob. Tool Supply LLC*, 629 F. Supp. 3d 963, 972 (D. Ariz. 2022). Because the alleged public policy violation arises from sex discrimination, and amendment cannot alter the statute governing that conduct, Counts II and VIII fail as a matter of law and are dismissed with prejudice.

Plaintiff's AEPA claims based on reporting the employment of undocumented workers also fail. The whistleblower provision of the AEPA protects only disclosures concerning violations of the Arizona Constitution or Arizona statutes. A.R.S. § 23-1501(A)(3)(c)(ii). Plaintiff alleges he reported Defendant's use of undocumented labor to federal authorities, which necessarily concerns alleged violations of federal immigration law. Because the AEPA does not extend to disclosures of federal law violations, Plaintiff fails to state a claim under the statute. This defect cannot be cured by amendment.

3.      The next claim for relief is stated under A.R.S. § 38-532. This statute establishes a right of action for whistleblower retaliation for public employees only. *Mullenaux v. Graham Cnty.*, 207 Ariz. 1, 6 (App. 2004) ("§ 38-532 applies only to public employees."). Plaintiff was employed by a private company, so his public whistleblower claim fails as a matter of law. It will be dismissed with prejudice.

4.      Plaintiff also alleges Defendant breached the implied covenant of good faith and fair dealing through retaliatory discipline, suspension without pay, and constructive discharge. In Arizona, "[t]he employment relationship is contractual in nature." A.R.S. § 23-1501(A)(1). And the implied covenant requires that neither party act to deprive the other of the "benefits of their agreement." *Wagenseller v. Scottsdale Mem'l Hosp.*, 147 Ariz. 370, 385 (1985). But the covenant does not create job tenure, impose a general good cause requirement, or prohibit termination simply because it is alleged to be unfair. Rather,

to state a claim, "an employee generally must point to a violation of their employment contract when alleging a breach of the covenant of good faith in employment actions." *Stone v. Charles Schwab & Co.*, No. CV-24-03047-PHX-SMB, 2025 WL 2829563, at *6-7 (D. Ariz. Oct. 6, 2025).

Here, Plaintiff does not identify any express or implied contractual term entitling him to continued employment, progressive discipline, or termination only for cause. Nor does he allege Defendant denied him an earned benefit, such as accrued compensation or commissions, while continuing to accept his work. *See Wagenseller*, 147 Ariz. at 385. Instead, the claim rests on conclusory allegations that Defendant acted in bad faith by disciplining and terminating him. Such allegations are insufficient to state a contractual implied covenant claim. *Stone*, 2025 WL 2829563, at *7. To the extent Plaintiff attempts to assert a tort-based implied covenant theory, that claim is not cognizable under Arizona law and is dismissed with prejudice. *Id.*

Plaintiff's breach of contract claim fails for similar reasons. Under the AEPA, employment is presumed at will unless both parties sign a written contract that establishes a definite term or expressly restricts termination rights. A.R.S. § 23-1501(A)(2). "Taken in conjunction with A.R.S. § 23-1501(3)(a), A.R.S. § 23-1501(2) dictates that to prevail on a breach of contract claim against an employer, an employee must show that the employer breached a contract that meets the requirements of A.R.S. § 23-1501(2)." *White v. AKDHC, LLC*, 664 F. Supp. 2d 1054, 1062 (D. Ariz. 2009).

Although Plaintiff alleges an "employment agreement" and asserts he was disciplined "without cause," he does not identify any written agreement, handbook provision, or other signed writing that limits Defendant's right to terminate his employment or converts the relationship from at will to for cause. (Doc. 1 ¶¶ 96-97.) General references to a "fair workplace" or internal policies do not plausibly establish enforceable contractual terms under the AEPA. Accordingly, Count XII is dismissed without prejudice. Any amended pleading must identify a contract satisfying A.R.S. § 23-1501(A)(2) and a specific provision Defendant allegedly breached.

5. Plaintiff next asserts a claim for Intentional Infliction of Emotional Distress ("IIED") under Count V. The Arizona Supreme Court, in *Ford v. Revlon, Inc.*, 153 Ariz. 38 (1987), set out the elements of IIED as follows:

> [*F*]*irst*, the conduct by the defendant must be "extreme" and "outrageous"; *second*, the defendant must either intend to cause emotional distress or recklessly disregard the near certainty that such distress will result from his conduct; and *third*, severe emotional distress must indeed occur as a result of defendant's conduct.

*Id.* at 43.

Plaintiff fails to allege Defendant's conduct was "so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Mintz v. Bell Atl. Sys. Leasing Int'l, Inc.*, 183 Ariz. 550, 554 (App. 1995) (citation omitted). "In the employment context, it is 'extremely rare' to find conduct sufficient to meet this standard." *Fraser v. State*, No. 2 CA-CV 2025-0116, 2025 WL 3248333, at *7 (Ariz. App. Nov. 21, 2025) (quoting *Mintz*, 183 Ariz. at 554). Plaintiff's allegations that Defendant's "conduct in suspending Plaintiff without notice, converting his suspension to unpaid status without justification, and publicly posting his position, while making no legitimate attempt to address the harassment concerns he raised," do not amount to extreme and outrageous conduct. (Doc. 1 ¶ 59); *Mintz*, 183 Ariz. at 554 (holding that failure to promote plaintiff and forcing her to return to work while on disability leave, even if motivated by sex discrimination or retaliation, did not amount to extreme and outrageous conduct). Even taking Plaintiff's complaint allegations as true, he fails to state a claim as a matter of law. Plaintiff's IIED claim will be dismissed with leave to amend.

6. Plaintiff pleads "Constructive Discharge" as Count VI, alleging Defendant's "retaliatory actions" created intolerable working conditions that coerced his resignation. (Doc. 1 ¶¶ 63-66.) But under Arizona law, constructive discharge is not an independent cause of action; plaintiff must still plead and prove an underlying statutory or common-law wrongful termination theory to obtain relief. *Peterson*, 244 Ariz. at 250-51 (constructive

discharge "by itself . . . does not afford an employee a remedy" and must be tied to a wrongful termination claim); *see also Smith v. Pile*, No. CV-23-00815-PHX-SMB, 2024 WL 706968, at *5 (D. Ariz. Feb. 20, 2024) (dismissing constructive discharge count without prejudice where plaintiff failed to adequately plead the predicate wrongful termination basis). Plaintiff concedes constructive discharge is not a standalone claim and clarifies that his underlying theories sound in retaliation, wrongful termination, and whistleblower violations. Because Count VI, as currently pled, labels the discharge theory as a freestanding count, the Court dismisses it without prejudice. Any amended pleading must specify which statutory or common-law theory supplies the wrongful-termination cause of action and allege facts plausibly satisfying that theory; constructive discharge alone is insufficient. *Peterson*, 244 Ariz. at 250-51; *Smith*, 2024 WL 706968, at *5.

      7.      Under Count VII, Plaintiff alleges defamation (slander and libel). He argues that Defendant's management falsely accused him of sexual harassment after receiving a demand letter and communicated those accusations to third parties inside and outside the organization.* To state a defamation claim under Arizona law, Plaintiff must plausibly allege (1) a "false, defamatory statement" about him, (2) publication to a third party, and (3) fault—knowledge of falsity, reckless disregard, or negligence in failing to ascertain truth. *Farrell v. Hitchin' Post Trailer Ranch*, No. 1 CA-CV 11-0011, 2011 WL 6057930, at *2 (Ariz. App. Dec. 6, 2011) (citing *Peagler v. Phx. Newspapers, Inc.*, 114 Ariz. 309, 315 (1977)). In a defamation action, conclusory statements are insufficient to state a claim upon which relief can be granted "'because the context and language of an allegedly defamatory statement is crucial' to determine whether a plaintiff has established a prima

---

* Under this Count, Plaintiff argues that Defendant's defamatory conduct violates "Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a)" and the "Fair Employment and Housing Act, (FEHA), California Government Code § 12940(h)." (Doc. 1 ¶¶ 71-72.) It is unclear whether Plaintiff intended to assert these statutes as independent causes of action or merely as support for his defamation claim. "[A]lthough Plaintiff appears in this Court pro se, the Court is not required to scour his Complaint and piece together his claims for him." *Moore v. Maricopa Cnty. Juv. Ct.*, No. CV-18-01553-PHX-JJT, 2018 WL 9848169, at *1 (D. Ariz. Sept. 18, 2018), *aff'd*, 786 F. App'x 89 (9th Cir. 2019). The Court therefore does not construe these allegations as separate counts. In any event, Plaintiff alleges no facts supporting a claim under either statute, and any such claims would fail on that basis.

facie case." *Fuller v. City of Scottsdale*, No. 1 CA-CV 24-0785, 2026 WL 113616, at *9 (Ariz. App. Jan. 15, 2026) (quoting *BLK III, LLC v. Skelton*, 252 Ariz. 583, 588 (App. 2022)). Here, Plaintiff does not identify the substance of any specific statement, who made it, when it was made, or to whom it was published. (*See* Doc. 1 ¶¶ 68-76.) Nor does he plead facts supporting fault beyond conclusory labels of "malice" and "reckless disregard." (*Id.* ¶¶ 69.) Because these allegations do not provide sufficient factual content to render a defamation claim plausible, Count VII is dismissed without prejudice.

   8. Plaintiff alleges Defendant retaliated against him in violation of the Fair Labor Standards Act ("FLSA") by suspending him and converting that suspension to unpaid status. The FLSA "sets forth employment rules concerning minimum wages, maximum hours, and overtime pay." *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 4 (2011). To state a claim under the FLSA's antiretaliation provision, 29 U.S.C. § 215(a)(3), Plaintiff must plausibly allege that "(1) he engaged in activity protected by the FLSA; (2) the defendant took an adverse employment action; and (3) there was a causal link between the protected activity and the adverse action." *Ader v. SimonMed Imaging Inc.*, 465 F. Supp. 3d 953, 975 (D. Ariz. 2020). "An employee engages in a protected activity when she participates in conduct that reasonably could be perceived as directed toward the assertion of rights protected by the statute." *Davenport v. SP Jedi Inc.*, No. CV-18-02580-PHX-SMM, 2020 WL 1271380, at *6 (D. Ariz. Jan. 16, 2020).

   Although Plaintiff asserts he complained of "possible wage and hour violations," the Complaint does not identify any unpaid wages, overtime violations, or minimum wage issues governed by the FLSA. (Doc. 1 ¶¶ 82-85.) General complaints about workplace misconduct, safety concerns, or harassment alone do not constitute protected activity under § 215(a)(3). *See Lau v. Mayorkas*, No. 21-CV-4756-YGR, 2022 WL 22885366, at *9 (N.D. Cal. Apr. 27, 2022) ("A report of general workplace harassment does not qualify as a protected activity."). Plaintiff's attempt to supply more specific FLSA allegations in his response to the Motion cannot cure these pleading deficiencies, as a complaint may not be amended through briefing. *LaComba v. Eagle Home Loans & Inv., LLC*,

No. 2:23-CV-00370-KJM-DB, 2023 WL 4239070, at *2 (E.D. Cal. June 28, 2023) ("Regardless of the merits of their new claim, plaintiffs may not amend their complaint through briefing in opposition to a motion to dismiss."). Nor does Plaintiff allege facts showing Defendant would have reasonably understood his complaints as asserting rights under the FLSA, rather than raising non-FLSA employment grievances. *See Kasten*, 563 U.S. at 14. Because Plaintiff fails to plead protected activity under the FLSA, Count IX is dismissed without prejudice.

9. Plaintiff's negligent hiring, supervision, and retention claim under Count X fails as a matter of law. Under Arizona law, workers' compensation is the exclusive remedy for injuries arising out of and in the course of employment caused by an employer's alleged negligence. *Wagner v. State*, 242 Ariz. 95, 97 (App. 2017); *Mosakowski v. PSS World Med., Inc.*, 329 F. Supp. 2d 1112, 1131 (D. Ariz. 2003) ("Arizona law precludes an employee from bringing a tort action based on negligent hiring and negligent retention against their employer."). Accordingly, Count X is dismissed with prejudice. *See Foroughi v. Wal-Mart Stores, Inc.*, No. CV-10-506-PHX-GMS, 2010 WL 2231931, at *3 (D. Ariz. June 2, 2010) (dismissing a negligent supervision claim with prejudice because "Arizona's Workers' Compensation Statute is the exclusive remedy for any injury suffered by an employee due to an employer's alleged negligence").

10. Under Count XI, Plaintiff alleges Defendant tortiously interfered with his employment and unspecified industry relationships through adverse actions, a job posting, and an alleged smear campaign. Under Arizona law, the elements of tortious interference with a business relationship are: "(1) [t]he existence of a valid contractual relationship or business expectancy; (2) knowledge of the relationship or expectancy on the part of the interferer; (3) intentional interference inducing or causing a breach or termination of the relationship or expectancy; and (4) resultant damage to the party whose relationship or expectancy has been disrupted." *AIRFX.com v. AirFX LLC*, No. CV 11-01064-PHX-FJM, 2011 WL 6846428, at *1 (D. Ariz. Dec. 29, 2011) (quoting *Wagenseller*, 147 Ariz. at 386). "The interference must be improper as well as intentional." *Id.*

Plaintiff's claim fails at the threshold because an employer cannot interfere with its own employment relationship. *See Stetter v. Blackpool, LLC*, No. CV-09-1071-PHX-DGC, 2010 WL 1531082, at *2 (D. Ariz. Apr. 15, 2010). To the extent Plaintiff alleges interference with future employment prospects, he does not identify any specific third-party employer, contract, or concrete business expectancy, nor does he allege facts showing Defendant's knowledge of such a relationship. (Doc. 1 ¶¶ 91-94.) Vague allegations of potential industry relationships or speculative future employment are insufficient to state a plausible claim. *See Stetter*, 2010 WL 1531082, at *2. Because Plaintiff fails to plead interference with an identifiable third-party relationship or expectancy, Count XI is dismissed without prejudice.

### III.

Under Rule 15(a)(2), leave to amend should be given freely "when justice so requires." But it is not required when amendment "would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay." *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). For the reasons discussed above, several of Plaintiff's claims fail as a matter of law and cannot be cured by amendment. But the Court will grant leave to amend for claims dismissed without prejudice.

Any amended pleading must do more than offer generalized assertions or a simple recitation of the elements of a claim. Plaintiff must allege well-pleaded factual content supporting each claim for relief, as required by Rule 8(a), and must present each claim in a separate count. Plaintiff is advised that if the Court grants a future Rule 12(b)(6) motion in whole or in part, further leave to amend may not be granted.

**IT IS ORDERED granting** Defendant's Motion to Dismiss (Doc. 6).

. . . .

. . . .

. . . .

. . . .

**IT IS FURTHER ORDERED** that the following claims are **dismissed with prejudice**: Count II – Violation of AEPA; Count VIII – Wrongful Termination in Violation of Arizona Public Policy; Count III – Whistleblower Retaliation under A.R.S. § 38-532; Count IV – Implied Covenant of Good Faith and Fair Dealing (tort theory only); and Count X – Negligent Hiring, Supervision, and Retention.

**IT IS FURTHER ORDERED** that the following claims are **dismissed without prejudice**: Count I – Title VII Retaliation; Count IV – Implied Covenant of Good Faith and Fair Dealing (contract theory only); Count V – Intentional Infliction of Emotional Distress; Count VI – Constructive Discharge; Count VII – Defamation (Slander and Libel); Count IX – FLSA Retaliation; Count XI – Tortious Interference with Business Relationships; and Count XII – Breach of Contract.

**IT IS FURTHER ORDERED** that Plaintiff may file an amended complaint as to the claims dismissed without prejudice no later than **February 16, 2026**.

**IT IS FURTHER ORDERED** that if no amended complaint is filed by **February 16, 2026**, the Clerk of Court must dismiss this action and close this case without further notice to Plaintiff or order of this Court.

Dated this 26th day of January, 2026.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge