**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Vargas, | No. CV-25-03047-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| MLEM Properties Incorporated, | |
| Defendant. | |

Before the Court is Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 17). The Motion is fully briefed and the Court heard oral argument from the parties. (Docs. 23-24.)* The Court will grant the Motion.

**I.**

This is Plaintiff's second complaint in this action. The Court granted Defendant's prior motion to dismiss, dismissing several claims with prejudice and granting leave to amend as to the remainder. (Doc. 14.)

Plaintiff Daniel Vargas was employed by Defendant as Chief Engineer at the SpringHill Suites Phoenix Tempe Airport. (Doc. 16 ¶ 10.) Plaintiff reported an alleged incident of sexual harassment on behalf of a female employee. (*Id.* ¶¶ 11-12.) Plaintiff alleges that he then "experienced a sudden and sustained change in how he was treated"

---

* Plaintiff moves for leave to file a sur-reply. (Docs. 25-26.) "Parties do not have the right to file sur[-]replies," and courts "generally view[] motions for leave to file a sur[-]reply with disfavor." *Garcia v. Biter*, 195 F. Supp. 3d 1131, 1133-34 (E.D. Cal. 2016). The Court will deny the motion. In any event, consideration of the sur-reply would not change the conclusions in this Order.

and that Defendant suspended his employment. (*Id.* ¶¶ 13-15.) He further alleges that Defendant "undermined Plaintiff's professional standing and caused reputational harm within his industry" and created working conditions he felt were "untenable," culminating in his eventual "constructive discharge." (*Id.* ¶¶ 16-19.)

The Amended Complaint raises the following claims: (1) Retaliation in Violation of Title VII of the Civil Rights Act of 1964; (2) Breach of the Implied Covenant of Good Faith and Fair Dealing (Contract-Based); (3) Intentional Infliction of Emotional Distress; (4) Wrongful Termination – Constructive Discharge; (5) Defamation (Slander and Libel); (6) Violation of the Fair Labor Standards Act – Retaliation; and (7) Breach of Contract. (*Id.* ¶¶ 34-93.) Defendant moves to dismiss Counts Two through Seven. (Doc. 17.)

## II.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A district court may dismiss claims lacking a cognizable legal theory or sufficient factual allegations to support a cognizable legal theory. *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011). Sufficient factual allegations are those that, when taken as true, state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation modified). Plausibility is more than mere possibility; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When analyzing the sufficiency of a complaint, the well-pled factual allegations "are taken as true and construed in the light most favorable to the [plaintiff]." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) (citation omitted).

## III.

Defendant moves to dismiss every count except Count One, Retaliation in Violation of Title VII of the Civil Rights Act of 1964. (Doc. 17.) The Court addresses each in turn.

### A.

Counts Two and Seven both sound in contract. Count Two alleges that Defendant

breached the implied covenant of good faith and fair dealing through the disciplinary actions taken against Plaintiff. (Doc. 16 ¶¶ 45-52.) The Court previously dismissed this claim for failing to identify "a contract satisfying A.R.S. § 23-1501(A)(2) and a specific provision Defendant allegedly breached." (Doc. 14 at 4.) The Amended Complaint now points to Defendant's employee handbook and disciplinary policies as the operative contract and identifies three provisions Defendant allegedly breached. (Doc. 16 ¶¶ 46-47.)

Under the Arizona Employment Protection Act, employment is presumed at will unless both parties sign a written contract that establishes a definite term or expressly restricts termination rights. A.R.S. § 23-1501(A)(2). "Taken in conjunction with A.R.S. § 23-1501(3)(a), A.R.S. § 23-1501(2) dictates that to prevail on a breach of contract claim against an employer, an employee must show that the employer breached a contract that meets the requirements of A.R.S. § 23-1501(2)." *White v. AKDHC, LLC*, 664 F. Supp. 2d 1054, 1062 (D. Ariz. 2009). A handbook can satisfy the statute, but only "if that document expresses the intent that it is a contract of employment." A.R.S. § 23-1501(A)(2).

The Court considers the Handbook because Plaintiff incorporates it by reference throughout the Amended Complaint. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (noting that courts may consider documents incorporated by reference in the complaint without converting a Rule 12(b)(6) motion into one for summary judgment). The Handbook expressly provides that its contents "do not create or constitute a promise or contract" and that "personnel policies and/or handbooks do not constitute an employment contract." (Doc. 17 at 4.) The Handbook therefore lacks the intent necessary to constitute a contract under A.R.S. § 23-1501(A)(2). *See Demasse v. ITT Corp.*, 194 Ariz. 500, 505 (1999) (reasoning that a handbook provision is contractual only where it manifests "promissory intent" and not where it is "merely a description of the employer's present policies" (citation omitted)).

Plaintiff's implied-covenant claim fails for the same reason. The covenant prohibits a party from doing anything to prevent other parties to the contract from receiving the benefits and entitlements of the agreement, and a party breaches it by "act[ing] in a manner

that denies the other party the reasonably expected benefits of the contract." *Coulter v. Grant Thornton, LLP*, 241 Ariz. 440, 448 (App. 2017) (internal quotation marks omitted). But the covenant "ensures that parties do not frustrate already-existing contract terms; it does not create new ones." *In re Banner Health Data Breach Litig.*, No. CV-16-02696-PHX-SRB, 2017 WL 6763548, at *5 (D. Ariz. Dec. 20, 2017). Because Plaintiff has not alleged an enforceable contract, there is no agreement whose benefits Defendant could have denied him. *See id.*; *Stone v. Charles Schwab & Co.*, No. CV-24-03047-PHX-SMB, 2026 WL 621392, at *4 (D. Ariz. Mar. 5, 2026) (holding that the plaintiff failed to state a claim for breach of the implied covenant of good faith and fair dealing where the plaintiff failed to allege facts demonstrating a breach of the underlying employment agreement). Count Two will be dismissed.

Regarding Count Seven, the first element of a breach-of-contract claim is the existence of a contract. *See Graham v. Asbury*, 112 Ariz. 184, 185 (1975). Because the Handbook states unambiguously that its terms create no employment contract, Plaintiff cannot allege facts establishing that element, even taken as true. *See Ogundele v. Girl Scouts-Ariz. Cactus Pine Council, Inc.*, No. CV-10-1013-PHX-GMS, 2011 WL 1770784, at *5-6 (D. Ariz. May 10, 2011) (dismissing breach of contract claim where handbook disclaimed any contractual intent); *see also Almada v. Allstate Ins. Co.*, 285 F.3d 798, 800 (9th Cir. 2002). Count Seven will also be dismissed.

**B.**

Count Three alleges intentional infliction of emotional distress based on several of Defendant's allegedly retaliatory acts, including (a) suspending Plaintiff without explanation; (b) converting his suspension to unpaid status; (c) advertising his position; and (d) isolating and humiliating him by telling other employees he was "untrustworthy and disloyal." (Doc. 16 ¶ 55.)

"To sustain an action for IIED, 'a plaintiff must allege: (1) the defendant caused severe emotional distress; (2) by extreme and outrageous conduct; (3) with intent to cause emotional distress or with reckless disregard that such distress would result.'" *Stone*, 2026

WL 621392, at *5 (quoting *Fraser v. State*, No. 2 CA-CV 2025-0116, 2025 WL 3248333, at *7 (Ariz. Ct. App. 2025)). Extreme and outrageous conduct is conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Christakis v. Deitsch*, 250 Ariz. 246, 250 (App. 2020) (quoting *Cluff v. Farmers Ins. Exch.*, 10 Ariz. App. 560, 562 (1969)). "In the employment context, it is extremely rare to find conduct sufficient to meet this standard." *Fraser*, 2025 WL 3248333, at *7 (citation modified).

Plaintiff alleges that Defendant's actions were "not limited to discrete employment decisions but constituted a sustained course of oppressive and retaliatory behavior designed to break Plaintiff." (Doc. 16 ¶ 57.) But that characterization is conclusory, and Plaintiff's underlying allegations remain materially unchanged from those the Court already found insufficient. (*See* Doc. 14 at 5.) Taken as true, Defendant's conduct may be concerning, but it does not go beyond all possible bounds of decency. *See Mintz v. Bell Atl. Sys. Leasing Int'l, Inc.*, 183 Ariz. 550, 554 (App. 1995) (holding that failure to promote and requiring plaintiff to return to work while on disability leave, even if motivated by sex discrimination or retaliation, did not amount to extreme and outrageous conduct); *Simpson v. Mark E Hall PC*, No. CV-25-00081-PHX-SMB, 2025 WL 2531550, at *6 (D. Ariz. Sept. 3, 2025) (finding no IIED claim even where the defendant "berated Plaintiff, dismissed her concerns, and fired her" after a protected report).

In short, the challenged conduct is not the "extremely rare, atrocious and utterly intolerable conduct that completely violates human dignity and strikes to the very core of one's being." *Lindvall v. L. Office of Daniel Hutto PLLC*, No. CV-24-00768-PHX-DWL, 2024 WL 4634082, at *5 (D. Ariz. Oct. 22, 2024) (citation modified). This count will be dismissed.

## C.

Plaintiff pleads wrongful termination by constructive discharge as Count Four, alleging that Defendant's "retaliatory actions" created intolerable working conditions that coerced his resignation. (Doc. 16 ¶¶ 60-67.) But under Arizona law, constructive discharge

is not an independent cause of action; a plaintiff must plead an underlying statutory or common-law wrongful-termination theory to obtain relief. *See Peterson v. City of Surprise*, 244 Ariz. 247, 250 (App. 2018) (holding that constructive discharge "by itself . . . does not afford an employee a remedy"). The Court previously warned Plaintiff that any amended pleading "must specify which statutory or common-law theory supplies the wrongful-termination cause of action . . . ; constructive discharge alone is insufficient." (Doc. 14 at 6.)

Plaintiff again pleads constructive discharge as a freestanding count, conceding that he asserts constructive discharge not "as an independent standalone cause of action" but "as part of the broader pattern of . . . adverse employment actions supporting his Title VII retaliation claim." (Doc. 23 at 8.) That concession is fatal to Count Four as pleaded. To the extent constructive discharge supports the Title VII retaliation claim, that theory remains available under Count One. This count will be dismissed.

## D.

Count Five alleges defamation by slander and libel. (Doc. 16 ¶¶ 68-76.) Plaintiff alleges that Defendant's management communicated to staff that he had sexually harassed a coworker and that "no investigation substantiated any such allegation." (*Id.* ¶¶ 69-70.)

To state a defamation claim under Arizona law, Plaintiff must plausibly allege (1) a "false defamatory statement" about him, (2) publication to a third party, and (3) fault, whether knowledge of falsity, reckless disregard, or negligence in failing to ascertain the truth. *Farrell v. Hitchin' Post Trailer Ranch*, No. 1 CA-CV 11-0011, 2011 WL 6057930, at *2 (Ariz. App. Dec. 6, 2011) (citing *Peagler v. Phx. Newspapers, Inc.*, 114 Ariz. 309, 315 (1977)). Conclusory allegations will not suffice "because the context and language of an allegedly defamatory statement is crucial" to whether a plaintiff has stated a prima facie case. *Fuller v. City of Scottsdale*, No. 1 CA-CV 24-0785, 2026 WL 113616, at *9 (Ariz. App. Jan. 15, 2026) (quoting *BLK III, LLC v. Skelton*, 252 Ariz. 583, 588 (App. 2022)).

Plaintiff has not cured the defects identified in the Court's prior order. The Court explained that Plaintiff "[did] not identify the substance of any specific statement, who

made it, when it was made, or to whom it was published." (Doc. 14 at 7.) The Amended Complaint now identifies the Assistant General Manager as the speaker and alleges the statements were made "on or about June 30, 2024" to "senior hotel staff and outside recruiting agencies." (Doc. 16 ¶ 30.) But it still does not identify the substance of any specific statement beyond the general charge of "sexual harassment and poor performance," and the allegation that the statements reached "potentially" prospective employers or industry contacts remains speculative. (*Id.* ¶¶ 30, 71.) These generalized assertions do not supply the context and language necessary to state a plausible claim. This count will be dismissed.

**E.**

Count Six alleges that Defendant retaliated against Plaintiff in violation of the Fair Labor Standards Act ("FLSA"). (Doc. 16 ¶¶ 77-86.) The Court previously dismissed this claim because, although Plaintiff complained of "possible wage and hour violations," the complaint did "not identify any unpaid wages, overtime violations, or minimum wage issues governed by the FLSA," and did not allege facts showing Defendant would have understood his complaints as asserting FLSA rights. (Doc. 14 at 7-8.)

The FLSA's anti-retaliation provision prohibits discharging or discriminating against an employee for complaining of conduct the statute governs. 29 U.S.C. § 215(a)(3). To state a claim, Plaintiff must plausibly allege that he engaged in protected activity, that Defendant took an adverse action, and that the two are causally linked. *See Ader v. SimonMed Imaging Inc.*, 465 F. Supp. 3d 953, 975 (D. Ariz. 2020). An employee engages in protected activity when his complaint reasonably could be understood as asserting rights protected by the FLSA. *See Davenport v. SP Jedi Inc.*, No. CV-18-02580-PHX-SMM, 2020 WL 1271380, at *6 (D. Ariz. Jan. 16, 2020).

The Amended Complaint does not cure the defects the Court identified. Plaintiff now alleges he reported "unpaid vacation totalling (sic) 22 weeks of unpaid vacation." (Doc. 16 ¶ 79.) But the FLSA governs unpaid wages for time worked; it does not require payment for time not worked, including vacation or other leave. *See, e.g., Nguyen v. DeJoy,*

No. 21-CV-02851-NC, 2021 WL 3633845, at *3 (N.D. Cal. Aug. 17, 2021). A complaint about unpaid vacation therefore could not reasonably be understood as asserting an FLSA right, and it cannot constitute protected activity. To the extent Plaintiff also references "unpaid overtime" and uncompensated meal breaks (*id.* ¶ 29), those allegations remain conclusory. He does not identify what wages were owed, who allegedly complained, when the complaint was made, or facts plausibly linking any complaint to his suspension. This count will be dismissed.

**IV.**

Under Rule 15(a)(2), leave to amend should be freely given "when justice so requires." But leave is not required where amendment "would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay." *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). A district court's discretion to deny leave is "particularly broad" where, as here, the plaintiff has already amended once. *See Zucco Partners, LLC v. Digital Island, Inc.*, 552 F.3d 981, 1007 (9th Cir. 2009).

Two grounds support denial here. First, several of Plaintiff's claims fail as a matter of law and cannot be cured by amendment. Counts Two and Seven depend on an enforceable employment contract, but the Handbook on which Plaintiff relies disclaims any contractual intent, foreclosing both the breach-of-contract claim and the implied-covenant claim. Count Four asserts constructive discharge, which Arizona law does not recognize as an independent cause of action. And the conduct alleged in support of Count Three does not, as a matter of law, rise to the level of extreme and outrageous conduct required for intentional infliction of emotional distress. No additional facts would change these conclusions.

Second, as to the remaining claims, Plaintiff has had a fair opportunity to cure and has not done so. The Court's prior order identified the specific deficiencies in Plaintiff's defamation and FLSA claims and directed Plaintiff how to address them, and it expressly warned that "if the Court grants a future Rule 12(b)(6) motion in whole or in part, further

leave to amend may not be granted." (Doc. 14 at 9.) Plaintiff amended but did not supply the missing content. His defamation claim still does not identify the substance of any specific statement or non-speculative publication, and his FLSA claim does not adequately allege protected activity or causation.

Given Plaintiff's repeated failure to cure these defects despite specific guidance and an explicit warning, further amendment is unwarranted. *See Ascon Props.*, 866 F.2d at 1160; *Zucco Partners*, 552 F.3d at 1007. Leave to amend is therefore denied and Counts Two through Seven are dismissed with prejudice.

**IT IS THEREFORE ORDERED granting** Defendant's Motion to Dismiss (Doc. 17).

**IT IS FURTHER ORDERED** that Counts Two through Seven of the Amended Complaint are dismissed with prejudice and without leave to amend. Count One, Plaintiff's Title VII retaliation claim, remains pending. To the extent Plaintiff alleges constructive discharge as an adverse employment action in support of that claim, that theory is unaffected by this Order.

**IT IS FURTHER ORDERED denying** Plaintiff's Motion for Leave to File a Sur-Reply (Doc. 25). The Clerk of Court is directed to strike the lodged sur-reply (Doc. 26).

**IT IS FINALLY ORDERED** that the Court will set a Rule 16 scheduling conference by separate order.

Dated this 28th day of May, 2026.

Michael T. Liburdi
Michael T. Liburdi
United States District Judge